UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DARRELL B. GIPSON,
    *Plaintiff*,

v.

R. LABONTE, *et al.*,
    *Defendants*.

No. 3:18-cv-1692 (VAB)

**RULING ON PENDING MOTIONS**

On October 19, 2018, Darrell B. Gipson ("Plaintiff") moved to amend the Complaint in this action, for appointment of *pro bono* counsel to represent him, and to change his address.

For the reasons explained below, the Court **DENIES** the motion to change his address as moot, **VACATES** the previous order granting Mr. Gipson leave to proceed *in forma pauperis*, **DENIES** Mr. Gipson's motion for leave to proceed *in forma pauperis*, and **DENIES** Mr. Gipson's motion to amend and motion for appointment of counsel.

### I.    BACKGROUND

On October 11, 2018, Mr. Gipson, incarcerated at the Hartford Correctional Center ("Hartford Correctional"), sued Health Services Administrator LaBonte and three medical staff members who work at Hartford Correctional, John Does 1–2 and Jane Doe, under 42 U.S.C. § 1983. Complaint, dated Oct. 11, 2018, ECF No. 1.

That same day, Mr. Gipson moved for leave to proceed *in forma pauperis*. Motion for Leave to Proceed *In Forma Pauperis*, dated Oct. 11, 2018, ECF No. 2.

On October 16, 2018, the Court referred Mr. Gipson's motion for leave to proceed *in forma pauperis* to Magistrate Judge William I. Garfinkel. Order, dated Oct. 16, 2018, ECF No. 6.

On October 19, 2018, Mr. Gipson moved to amend the Complaint in this action, for appointment of *pro bono* counsel, and to change his address. Motion to Amend the Complaint, dated Oct. 19, 2018 ("Mot. to Amend"), ECF No. 8; Motion for Appointment of Counsel, dated Oct. 19, 2018, ECF No. 9, Motion for Change of Address, dated Oct. 19, 2018, ECF No. 10. In his motion to change his address, Mr. Gipson stated that he was set to be released from Hartford Correctional on November 4, 2018 and provided the Court with his new address. *See* Motion for Change of Address at 1.

On November 14, 2018, Magistrate Judge Garfinkel granted Mr. Gipson's application to proceed *in forma pauperis*. Order, dated Nov. 14, 2018, ECF No. 12.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915, indigent plaintiffs may move for leave to proceed *in forma pauperis*, i.e., "without prepayment of [filing] fees or security therefor." 28 U.S.C. § 1915(a)(1). But the statute also limits the Court's authority to waive payment of fees for prisoners through the "three strikes" provision, which provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Accordingly, a prisoner who has had three or more actions dismissed on grounds that it is frivolous, malicious, or fails to state a claim may not bring a civil action without prepayment of fees absent allegations of "imminent danger of serious physical injury." *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed

IFP in order to obtain a judicial remedy for an imminent danger"). To satisfy this standard, the prisoner must show: (1) that he is subject to imminent danger of serious physical injury which is fairly traceable to unlawful conduct alleged in the complaint; and (2) that a favorable judicial outcome would redress the injury. *See id.* at 296–97.

### III. DISCUSSION

As an initial matter, because the Clerk of the Court has already changed Mr. Gipson's address to reflect his new, post-release address, Mr. Gipson's motion to change his address is moot.

Before filing this case, at least five other cases filed by Mr. Gipson in this District were dismissed as frivolous or for failure to state a claim upon which relief could be granted. *See* Initial Review Order, dated Sept. 22, 2008, *Gipson v. Johnson*, 3:08-cv-940 (AWT), ECF No. 6; Initial Review Order, dated Dec. 15, 2008, *Gipson v. Doe*, 3:08-cv-1086 (RNC), ECF No. 7; Order, dated Feb. 19, 2010, *Gipson v. Santinni*, 3:09-cv-1134 (RNC), ECF No. 12; Order, dated Feb. 19, 2010, *Gipson v. LaPlante*, 3:09-cv-1188 (RNC), ECF No. 13; Initial Review Order, dated Dec. 3, 2012, *Gipson v. Pizzillo*, 3:12-cv-1481 (JCH), ECF No. 7; *see also* Ruling and Order Denying Motion for In Forma Pauperis Status, dated May 19, 2016, *Gipson v. Seeley*, No. 3:16-cv-705 (JAM), ECF No. 7, at 1 ("[Mr. Gipson] has had more than three cases dismissed as frivolous or for failure to state a claim prior to filing this action") (collecting cases).

While Mr. Gipson is not currently incarcerated, he was a prisoner at the time of this case's filing and he moved for leave to proceed *in forma pauperis*. His motion therefore is subject to 28 U.S.C. § 1915(g). *See* 28 U.S.C. § 1915(h) ("As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms

3

and conditions of parole, probation, pretrial release, or diversionary program."); *see Harris v. City of N.Y.*, 607 F.3d 18, 22 (2d Cir. 2010) ("Had Congress intended that the three strikes rule would no longer apply once a prisoner had been released, it would have written the statutory provision differently. . . . Because Harris was a prisoner at the time he 'brought' the present action, the text of the statute mandates that the three strikes rule apply.") (citations omitted).

In addition, although Mr. Gipson alleges having suffered from "extremely high blood pressure," he did not assert facts to suggest that he was facing imminent serious physical injury at the time he filed this action. *See* Compl. at 12-13; *see also Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) ("[I[mminent danger is evaluated at the time of filing and not the time of the events alleged in the complaint.") (citing *Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir. 2002)); *Lewis v. Huebner*, No. 17-CV-8101 (KMK), 2019 WL 1236299, at *4 n.3 (S.D.N.Y. Mar. 18, 2019) (collecting cases holding that, notwithstanding filing of an amended complaint, the relevant time period in conducting the imminent danger inquiry is the date the initial complaint was filed).

On September 8, 2018, a physician at Hartford Correctional allegedly examined Mr. Gipson and prescribed two medications to treat Mr. Gipson's high blood pressure condition. *See* Compl. at 12. That physician also allegedly examined Mr. Gipson at some point between September 26, 2018 and the filing of the Complaint on October 11, 2018 and prescribed a new high blood pressure medication. *See id.* at 13.

Although Mr. Gipson alleged that the physician did not prescribe a sufficient amount of the high blood pressure medication to "get [him] through til med refill," he did not allege not having any medication left. *Id.* at 13. He also did not allege that an inability to sign up for sick call with regard to any medication concerns, or that he could not address his medication concerns

at sick call when a nurse took his blood pressure each week. In addition, Mr. Gipson did not allege that he suffered from any symptoms that might require immediate medical treatment. Indeed, Mr. Gipson's motion to amend included no new allegations of imminent danger with regard to his medical condition. *See* Mot. to Amend, ECF No. 8.

Significantly, Mr. Gipson's Complaint sought no injunctive relief related to his high blood pressure condition—instead, Mr. Gipson sought only money damages. *See id.* at 11. On its face, then, Mr. Gipson's Complaint does not seek to prevent any impending harm. *See Shepherd v. Annucci*, No. 17-2261, 2019 WL 1590894, at *3 (2d Cir. Apr. 15, 2019) ("This 'imminent-danger' exception is a 'safety valve' that exists to 'prevent impending harms.'") (quoting *Malik*, 293 F.3d at 563); *Pettus*, 554 F.3d at 298 ("When, in contrast, a complaint seeks to redress an imminent danger that is fairly traceable to allegedly unlawful conduct complained of in the pleading, the three-strikes litigant has shown that he fits squarely within § 1915(g)'s 'escape hatch' and that payment of a filing fee should be excused.").

The Court therefore concludes that Mr. Gipson has not alleged facts sufficient to meet the imminent danger exception to the three-strikes provision. *See, e.g.*, *McFadden v. Annucci*, No. 16-CV-6105 (FPG), 2019 WL 859780, at *2 (W.D.N.Y. Feb. 22, 2019) ("Plaintiff's broad assertions concerning his Hepatitis C treatment and the denial or delay of medical appointments and medications do not plausibly allege that Plaintiff was in imminent danger of serious harm. While Hepatitis C clearly presents a serious medical need, Plaintiff does not allege any imminent danger during the relevant period."); *Wingate v. Labombard*, No. 9:17-CV-551 (TJM/CFH), 2017 WL 6729287, at *3 (N.D.N.Y. July 12, 2017) ("[P]laintiff alleges that after having been denied 'proper medical services' for three days, Nurse Administrator Harriman arrogantly denied plaintiff's request to be seen by Dr. Cashway and instead scheduled plaintiff for a visit with

Nurse Bourdeau. On two separate occasions, Nurse Bourdeau 'refused to service [plaintiff] in accord to his medical and dental issues.' Plaintiff was also evaluated by a 'P.A.' who was 'nasty and disrespectful' to plaintiff . . . . [these allegations], without more, do not suffice to demonstrate that defendants were deliberately indifferent to his serious medical needs such that he faced a real and imminent danger of serious physical harm."); *Carolina v. Lighter*, No. 3:12-cv-162 (VLB), 2012 WL 3069591, at *1–2 (D. Conn. Jul. 27, 2012) (finding no imminent danger where prisoner sought monetary damages for defendants' treatment of his heart condition with medication instead of surgery).

Accordingly, under 28 U.S.C. § 1915(g), he cannot proceed *in forma pauperis* in this action at this time. Because Mr. Gipson is *pro se*, however, the Court will permit him one final opportunity to amend his Complaint, even though the current allegations do not necessarily indicate that he is able to demonstrate that the imminent danger exception to Section 1915(g) is applicable here. *See Chavis v. Chappius*, 618 F.3d 162, 170–71 (2d Cir. 2010) ("We have no trouble concluding that the District Court abused its discretion in denying Chavis leave to amend his complaint. Chavis's attempt to expand upon his complaint stated that one of the officers who had allegedly beaten him on July 17 had 'verbally threaten[ed] to assault [him] again,' and that another of those officers had visited his cell 'for intimidation reasons.' This by itself would appear to be sufficient to allege imminent danger of serious physical injury . . . . Accordingly, it appears that Chavis's complaint—had he been allowed amendment—might very well have satisfied the imminent danger exception, and we vacate and remand the decision of the District Court to allow that amendment.); *Wingate*, 2017 WL 6729287, at *3 (N.D.N.Y. July 12, 2017) ("In light of plaintiff's pro se status, and although the complaint does not necessarily indicate that he might be able to demonstrate that the 'imminent danger' exception to Section 1915(g) is

6

applicable to this action, the Court will nonetheless give him an opportunity to present an amended complaint.") (citing *Chavis*, 618 F.3d at 170; *Carolina v. Rubino*, 644 F. App'x 68, 73 (2d Cir. 2016)); *cf. Cerilli v. Malloy*, No. 3:16-cv-2087 (SRU), 2017 WL 188135, at *2 (D. Conn. Jan. 17, 2017) ("I cannot determine from the current complaint whether Cerilli was in imminent danger of serious physical harm on December 16, 2016, the day he filed his complaint . . . . Accordingly, Cerilli is directed to file an amended complaint to clarify his claims. The amended complaint shall include specific allegations against each defendant explaining what actions each defendant took, or failed to take, that caused Cerilli to be in imminent danger of serious physical harm[.]").

### IV. CONCLUSION

For the reasons explained above, the Court **DENIES** Mr. Gipson's motion to change his address as moot, **VACATES** the order granting Mr. Gipson leave to proceed *in forma pauperis* and **DENIES** Mr. Gipson's motion for leave to proceed *in forma pauperis*. The Court therefore **DENIES** Mr. Gipson's motion to amend and motion for appointment of counsel at this time.

The Clerk of the Court is directed to contact the Connecticut Department of Correction and request that any funds collected from Mr. Gipson's inmate account under his Prisoner Authorization Form be returned to Mr. Gipson. No further funds shall be collected from Mr. Gipson's prisoner account under the Prisoner Authorization Form.

If Mr. Gipson wishes to proceed with this action, he must, by **May 31, 2019**, either: (1) pay the statutory filing fee of four hundred dollars ($400.00) in full, or (2) file an Amended Complaint that pleads factual allegations showing that he both faced imminent danger of serious physical injury and sought to redress it when he initiated this action on October 11, 2018.

All further proceedings in this matter shall be held in abeyance until **May 31, 2019,** pending Mr. Gipson's delivery of either: (1) the filing fee in the amount of $400.00 (cash, bank check or money order made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604; or (2) his filing of an Amended Complaint as outlined above.

Failure to tender the filing fee or to file an Amended Complaint by **May 31, 2019** will result in the dismissal of this action.

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of April, 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE